**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jennifer D. SULLIVAN, Defendant—
Appellant.**

No. 04–30079.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 8, 2004.

Audrey J. Renschen, USAK—Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Mary Jane Haden, FPDAK—Federal Public Defender's Office (Anchorage), Anchorage, AK, for Defendant–Appellant.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

Jennifer D. Sullivan appeals the concurrent sentences of 24 months imposed following her guilty-plea conviction to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and being in possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). We have jurisdiction pursuant to 18 U.S.C. § 3742, and we vacate and remand.

Sullivan contends that the district court erred by adding 2 points to her criminal history total pursuant to U.S.S.G. § 4A1.1(e). Section 4A1.1(e) instructs that 2 points are added to a defendant's criminal history "if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under [§ 4A1.1] (a) or (b)." *Id.* Sullivan does not dispute that in May 2000 she received a sentence of imprisonment of 2.5 years on a state drug charge, but contends that she was actually released from that imprisonment for purposes of section 4A1.1(e) when she was transferred from state prison to a community drug treatment center in July 2001.

We conclude that we cannot resolve this issue on the present record. Therefore, we vacate and remand for such proceedings deemed necessary by the district court to determine the extent of "imprisonment" or "incarceration" after Sullivan was transferred to the Akeela House drug treatment facility from state prison. *See United States v. Phipps,* 68 F.3d 159, 161–62 (7th Cir.1995) (concluding that appellant was not entitled to a credit for an undischarged term of imprisonment under U.S.S.G. § 5G1.3(b) for a period of home detention because home detention is not imprisonment under federal law).

**VACATED AND REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.